1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

14

15

JOSEPH AND JULI ALONSO,
individually, and on behalf of their marital
community,

              Plaintiffs,

      v.

CENTURYLINK COMMUNICATIONS,
LLC, et al.,

              Defendants.

CASE NO. C15-5122 BHS

ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS AND GRANTING
PLAINTIFF LEAVE TO AMEND

16

17

18

19

20

21

22

      This matter comes before the Court on Defendants CenturyLink Communications,

LLC, Qwest Corporation, and Bernardo Martinez's (collectively "Defendants") motion to

dismiss (Dkt. 7).  The Court has considered the pleadings filed in support of and in

opposition to the motion and the remainder of the file and hereby grants the motion and

grants leave to amend for the reasons stated herein.

ORDER - 1

# I. PROCEDURAL BACKGROUND

**A.    Prior Suit**

On June 7, 2011, Plaintiff Joseph Alonso ("Alonso") filed suit against Qwest Corporation ("Qwest") and Bernardo Martinez ("Martinez") in Pierce County Superior Court.  Dkt. 8, Declaration of Zachary Jones ("Jones Dec."), Ex. B.  Alonso asserted disparate treatment, hostile work environment, discrimination, and retaliation claims under the Washington Law Against Discrimination ("WLAD").  *Id.* ¶¶ 2.1–2.6.  Relevant to the instant motion, Alonso alleged that Martinez retaliated against him because Alonso called Qwest's employee hotline to report Martinez's discriminatory acts.  *Id.* ¶¶ 1.25, 2.3.

On June 19, 2012, the trial court granted summary judgment to Defendants and dismissed all of Alonso's claims.  Jones Dec., Ex. E.  Alonso appealed.  *Alonso v. Qwest Commc'ns Co., LLC* (*Alonso I*), 178 Wn. App. 734, 743 (2013).  The Washington Court of Appeals affirmed the trial court's dismissal of Alonso's retaliation claim.  *Id.* at 755.

**B.    Present Suit**

On March 1, 2015, Alonso filed suit against Defendants in this Court.  Dkt. 1.  Alonso's original complaint alleged five causes of action: (1) veteran status discrimination under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4301–4335; (2) disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12111; (3) disparate treatment discrimination under Title VII, 42 U.S.C. § 2000e-2; (4) retaliation under Title VII, 42 U.S.C. § 2000e-3; and (5) emotional distress.  *Id.* ¶¶ 30–68.

1    On March 30, 2015, Defendants moved to dismiss Alonso's retaliation and

2    emotional distress claims.  Dkt. 7.  On April 21, 2015, Alonso filed an amended

3    complaint.  Dkt. 11 ("Comp.").  In his amended complaint, Alonso alleges that Martinez

4    retaliated against him in violation of Title VII and the WLAD.  *See id.*  Alonso did not

5    otherwise respond to Defendants' motion.  On April 24, 2015, Defendants filed a reply,

6    arguing that their motion to dismiss applied equally to Alonso's amended complaint.

7    Dkt. 15.  On April 28, 2015, Alonso filed a surreply, requesting that the Court provide

8    him with an opportunity to respond to Defendants' motion.  Dkt. 18.

9    On May 13, 2015, the Court renoted Defendants' motion so that Alonso would

10   have an opportunity to respond to the merits of Defendants' motion.  Dkt. 20.  On June 1,

11   2015, Alonso responded.  Dkt. 24.  On June 5, 2015, Defendants replied.  Dkt. 27.

12                                    **II. DISCUSSION**

13   Defendants move to dismiss Alonso's amended complaint under Federal Rule of

14   Civil Procedure 12(b)(6), arguing that Alonso's claims are barred by the doctrine of claim

15   preclusion.  Dkts. 7, 27.

16   **A.      Rule 12(b)(6)**

17   Claim preclusion may be raised in a Rule 12(b)(6) motion.  *See Holcombe v.*

18   *Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007).  On a motion to dismiss, material

19   allegations are taken as admitted and the complaint is construed in the plaintiff's favor.

20   *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983).  Generally, the scope of review

21   is limited to the contents of the complaint.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688

22   (9th Cir. 2001).  In the preclusion context, a federal court may take judicial notice of the

1    record in the earlier proceeding.  *Manufactured Home Cmtys. Inc. v. City of San Jose*,

2    420 F.3d 1022, 1037 (9th Cir. 2005); *see also Holder v. Holder* , 305 F.3d 854, 866 (9th

3    Cir. 2002).  Here, the Court takes judicial notice of the state court record in *Alonso I.*

4    **B.    Claim Preclusion**

5         Defendants argue that Alonso's retaliation claims are barred by the doctrine of

6    claim preclusion because Alonso already litigated a retaliation claim in state court.  Dkt.

7    7.

8         Federal courts "determine the preclusive effect of a state court judgment by

9    applying that state's preclusion principles."  *ReadyLink Healthcare, Inc. v. State Comp.*

10   *Ins. Fund*, 754 F.3d 754, 760 (9th Cir. 2014).  Under Washington law, claim preclusion

11   "prohibits the relitigation of claims and issues that were litigated, or could have been

12   litigated, in a prior action."  *Karlberg v. Otten*, 167 Wn. App. 522, 535 (2012).  "The

13   general rule is that if an action is brought for part of a claim, a judgment obtained in the

14   action precludes the plaintiff from bringing a second action for the residue of the claim."

15   *Id.* (internal quotation marks omitted).  Claim preclusion, however, does not bar a party

16   from bringing a claim that could not have been litigated in the prior action.  *Noel v. Hall*,

17   341 F.3d 1148, 1171 (9th Cir. 2003) (citing *Meder v. CCME Corp.*, 7 Wn. App. 801, 803

18   (1972)).

19        "The threshold requirement of [claim preclusion] is a final judgment on the merits

20   in the prior suit."  *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 865 (2004).  In

21   addition to a final judgment on the merits, the subsequent action must be identical with

22   the prior action in four respects: "(1) subject matter; (2) cause of action; (3) persons and

1  parties; and (4) the quality of the persons for or against whom the claim is made." *Rains*

2  *v. State*, 100 Wn.2d 660, 663 (1983).  The party asserting claim preclusion bears the

3  burden of proof.  *Hisle*, 151 Wn.2d at 865.

4       Here, there is a final judgment on the merits.  The Pierce County Superior Court

5  granted summary judgment in favor of Defendants and dismissed Alonso's retaliation

6  claim.  Jones Dec., Ex. E.  "[A] grant of summary judgment is a final judgment on the

7  merits with the same preclusive effect as a full trial."  *In re Estate of Black*, 153 Wn.2d

8  152, 170 (2004).  The Washington Court of Appeals affirmed the trial court's dismissal

9  of Alonso's retaliation claim.  *Alonso I*, 178 Wn. App. at 755.

10      With regard to the additional claim preclusion elements, the Court first finds that

11 the subject matter between the two actions is identical.  Washington courts have not

12 articulated a precise test to determine whether subject matter is identical, but "[t]he

13 critical factors seem to be the nature of the claim or cause of action and the nature of the

14 parties."  *Marshall v. Thurston Cty.*, 165 Wn. App. 346, 353 (2011) (quoting *Hayes v.*

15 *City of Seattle*, 131 Wn.2d 706, 712 (1997)).  As a result, Washington courts "generally

16 focus on the asserted theory of recovery rather than simply the facts underlying the

17 dispute."  *Id.*  In both lawsuits, Alonso alleges that Martinez retaliated against him in the

18 conditions of his employment for engaging in protected activity.  *Compare* Comp. ¶ 1,

19 *with* Jones Dec., Ex. B ¶¶ 1.25, 2.3.  Additionally, Alonso and his wife are the plaintiffs

20 and Qwest and Martinez are the defendants in each action.  Comp. ¶¶ 4–8; Jones Dec.,

21 Ex. B.  The Court concludes that the subject matter element is satisfied.

22

1    The third and fourth elements are also satisfied.[1]  As noted above, both suits

2    involve the same parties.  The quality of persons is identical as well because the parties in

3    this suit are bound by the judgment in the first suit.  *Ensley v. Pitcher*, 152 Wn. App. 891,

4    905 (2009).

5        Thus, the primary issue is whether the causes of action are identical.  To determine

6    whether the causes of action are identical, the Court considers the following four criteria:

7            (1) Whether rights or interests established in the prior judgment
             would be destroyed or impaired by prosecution of the second action; (2)
8            whether substantially the same evidence is presented in the two actions; (3)
             whether the two suits involve infringement of the same right; and (4)
9            whether the two suits arise out of the same transactional nucleus of facts.

10   *Rains*, 100 Wn.2d at 664.  "It is not necessary that all four factors favor preclusion to bar

11   the claim."  *Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 867 (9th Cir. 1995)

12   (applying Washington law).  The most important factor is whether the two suits arise

13   from the same transactional nucleus of facts.  *Id.*

14       In both suits, Alonso asserts that Martinez retaliated against him in the conditions

15   of his employment for engaging in protected acts.[2]  "The showings required for a

16   _____

17       [1] Alonso argues that "[e]lement 4 is not satisfied because application of *collateral
     estoppel* would 'work an injustice' against" him.  Dkt. 24 at 10 (emphasis added).  Alonso
18   confuses claim preclusion (res judicata) with issue preclusion (collateral estoppel).  While
     injustice is an element of issue preclusion, it is not an element of claim preclusion under
19   Washington law.  *Compare Nielson ex rel. Nielson v. Spanaway Gen. Med. Clinic, Inc.*, 135
     Wn.2d 255, 262–63 (1998) (listing injustice as the fouth element of issue preclusion), *with Rains*,
20   100 Wn.2d at 663 (not listing injustice as an element of claim preclusion).  *See also DeTray v.
     City of Olympia*, 121 Wn. App. 777, 785 n.8 (2004) (declining to consider injustice as an
21   element of claim preclusion).  Alonso does not dispute that the fourth element of claim
     preclusion—the quality of persons—is satisfied.
22       [2] To the extent that Alonso is asserting a retaliatory hostile work environment claim, such
     a claim is not clearly alleged in his amended complaint.  *See* Comp.  Although the Court grants

1  retaliation claim under both Title VII and the WLAD are identical, except for the

2  causation element." *Ellorin v. Applied Finishing, Inc.*, 996 F. Supp. 2d 1070, 1089 (W.D.

3  Wash. 2014).

4      To support his claims, Alonso alleges various discrete acts of retaliation, such as

5  denial of overtime and undesirable work assignments.  *See* Comp. ¶¶ 19, 38, 56; *Alonso I*,

6  178 Wn. App. at 741.  There is some overlap between the acts of retaliation alleged in

7  *Alonso I* and the current lawsuit.  For example, Alonso alleges in both suits that he was

8  removed from the Automated Quote and Contract Billing division in 2010.  *Compare*

9  Comp. ¶ 15, *with Alonso I*, 178 Wn. App. at 741.  Alonso also alleges that Martinez

10 assigned him an eleven-hour job and then denied him overtime.  *Compare* Comp. ¶ 24,

11 *with Alonso I*, 178 Wn. App. at 741.  Alonso concedes that his amended complaint in the

12 current suit contains allegations that predate the dismissal in *Alonso I*.  Dkt. 24 at 6.

13 Because these allegations could have been litigated in *Alonso I* and indeed were litigated,

14 claim preclusion bars Alonso from bringing retaliation claims based on Defendants'

15 conduct before *Alonso I* was dismissed on June 19, 2012.

16      However, Alonso's amended complaint in this suit alleges new acts of retaliation

17 that took place after *Alonso I* was dismissed.  For example, Alonso alleges that Martinez

18 denied him overtime, gave him undesirable assignments, berated him, and denied him

19 equipment after Alonso filed a complaint with the EEOC in Fall 2014.  Comp. ¶¶ 19, 38,

20 56.  Defendants concede that these recent allegations could not have been litigated before

21 _____

22 Alonso leave to amend, Alonso may not amend his complaint to add a retaliatory hostile work
environment claim without leave of the Court.

1  Alonso's retaliation claim was dismissed in *Alonso I*.  Dkt. 27 at 15.  Thus, claim

2  preclusion does not bar Alonso from bringing retaliation claims based on Defendants'

3  conduct after June 19, 2012.

4        Because Alonso's retaliation claims rely on allegations that predate the dismissal

5  in *Alonso I*, the Court grants Defendants' motion to dismiss.  Dkt. 24 at 6.

6  **C.**   **Leave to Amend**

7        Leave to amend shall be freely given when justice so requires.  Fed. R. Civ. P.

8  15(a).  "If the underlying facts or circumstances relied upon by a plaintiff may be a

9  proper subject of relief, he ought to be afforded an opportunity to test his claim on the

10  merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  On a Rule 12(b)(6) motion, "a

11  district court should grant leave to amend even if no request to amend the pleading was

12  made, unless it determines that the pleading could not possibly be cured by the allegation

13  of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

14        As discussed above, Alonso may bring retaliation claims based on Defendants'

15  conduct after June 19, 2012.  The Court therefore grants Alonso leave to amend his

16  retaliation claims to clarify allegations of fact within the applicable time period.  In his

17  amended complaint, Alonso shall specify when the alleged acts of retaliation occurred in

18  order to put Defendants fairly on notice of the claims against them.  *See* Fed. R. Civ. P. 8.

19

20

21

22

1                                 **III. ORDER**

2          Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 7) is

3   **GRANTED**.  Alonso is **GRANTED leave to amend** his complaint as stated herein.

4   Alonso shall file an amended complaint no later than August 7, 2015.

5          Dated this 22nd day of July, 2015.

6

7                                        _____

8                                        BENJAMIN H. SETTLE
                                         United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22